BILL LOCKYER Attorney General ANTHONY S. DA VIGO Deputy Attorney General
JEFFREY H. GREENWALD has requested this office to grant leave to sue in quo warranto upon the following question:
Did Alameda County Deputy District Attorney Philip G. Daly fail to file an oath of office with the County Clerk, County of Alameda, within the time prescribed by law, so as to create a vacancy in his office of Alameda County Deputy District Attorney?
 CONCLUSION
Alameda County Deputy District Attorney Philip G. Daly did not fail to file an oath of office with the County Clerk, County of Alameda, within the time prescribed by law, so as to create a vacancy in his office of Alameda County Deputy District Attorney.
 ANALYSIS
Jeffrey H. Greenwald ("Relator") contends that Philip G. Daly ("Defendant") is unlawfully holding and exercising the privileges of office as an Alameda County Deputy District Attorney. On August 5, 1985, Defendant was appointed to office by Alameda County District Attorney John J. Meehan and took and subscribed the oath of office before Alameda County Deputy County Clerk Ninfa Wood. A copy of the oath of office is currently on file in the office of Barbara Klatt, Deputy Clerk for the Superior Court of the State of California, County of Alameda. Relator has failed to locate any record of Defendant's oath of office in the office of the County Clerk, County of Alameda.
In deciding whether to grant leave to sue in the name of the People of the State of California in a quo warranto action, we consider initially whether there exists a substantial question of law or fact that requires judicial resolution, and if so, whether the proposed action would serve the overall public interest. (81 Ops.Cal.Atty.Gen. 98, 100 (1998).)
Relator's contention that Defendant's office as deputy district attorney has become vacant is predicated exclusively upon the provisions of Government Code section 1770, subdivision (i),[1] which specify:
 "An office becomes vacant on the happening of any of the following events before the expiration of the term:
 ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 "(i) His or her refusal or neglect to file his or her required oath or bond within the time prescribed.
 ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."
Section 3 of article XX of the Constitution provides:
 "Members of the Legislature, and all public officers and employees, executive, legislative, and judicial, except such inferior officers and employees as may be by law exempted, shall, before they enter upon the duties of their respective offices, take and subscribe the following oath or affirmation:
 "`I,_________________________, do solemnly swear (or affirm) that I will support and defend the Constitution of the United States and the Constitution of the State of California against all enemies, foreign and domestic; that I will bear true faith and allegiance to the Constitution of the United States and the Constitution of the State of California; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties upon which I am about to enter.
 "`And I do further swear (or affirm) that I do not advocate, nor am I a member of any party or organization, political or otherwise, that now advocates the overthrow of the Government of the United States or the State of California by force or violence or other unlawful means; that within the five years immediately preceding the taking of this oath (or affirmation) I have not been a member of any party or organization, political or otherwise, that advocates the overthrow of the Government of the United States or of the State of California by force or violence or other unlawful means except as follows: ___________________________________________ ___________________ (If no affiliations, write in the words "No Exceptions") and that during such time as I hold the office of ______________ I will not (name of office) advocate nor become a member of any party or organization, political or otherwise, that advocates the overthrow of the Government of the United States or of the State of California by force or violence or other unlawful means.'
 "And no other oath, declaration, or test, shall be required as the qualification for any public office or employment.
 "`Public officer and employee' includes every officer and employee of the State, including the University of California, every county, city, city and county, district, and authority, including any department, division, bureau, board, commission, agency, or instrumentality of any of the foregoing."[2]
Section 1192 implements this constitutional provision with respect to deputies and other subordinate officers:
 "When not otherwise provided for, within 10 days after receiving notice of their appointment, deputies and other subordinate officers shall take and file an oath in the manner required of their principals."
Section 1360 provides:
 "Unless otherwise provided, before any officer enters on the duties of his office, he shall take and subscribe the oath or affirmation set forth in Section 3 of Article XX of the Constitution of California."
Subdivision (a) of section 1363 additionally states:
 "Unless otherwise provided, every oath of office certified by the officer before whom it was taken shall be filed within the time required as follows:
 "(1) The oath of all officers whose authority is not limited to any particular county, in the office of the Secretary of State.
 "(2) The oath of all officers elected or appointed for any county, and, except as provided in paragraph (4), of all officers whose duties are local, or whose residence in any particular county is prescribed by law, in the office of the county clerk of their respective counties.
 "(3) Each judge of a superior court, the county clerk, the executive officer or court administrator of the superior court, and the recorder, shall file a copy of his or her official oath, signed with his or her own proper signature, in the office of the Secretary of State as soon as he or she has taken and subscribed his or her oath. "(4) The oath of all officers for any independent special district, as defined in Section 56044, in the office of the clerk or secretary of that district."
With respect to disaster service workers, defined to include "all persons employed by the state or any county, city, city and county, state agency or public district" (§ 3101), section 3102 states:
 "All disaster service workers shall, before they enter upon the duties of their employment, take and subscribed to the oath or affirmation required by this chapter. . . ."
Section 3105 specifies where the oath of office of a disaster service worker is to be filed:
 "The oath or affirmation of any disaster service worker of the state shall be filed as prescribed by State Personnel Board rule within 30 days of the date on which it is taken and subscribed.
 "The oath or affirmation of any disaster service worker of any county shall be filed in the office of the county clerk of the county except that where election precinct officers take and subscribe to such oath or affirmation which is an integral part of a claim for compensation, such oath and claim for compensation may be filed in either the office of the county auditor or in the office of the clerk of the board of supervisors of the county.
 "The oath or affirmation of any disaster service worker of any city shall be filed in the office of the city clerk of the city.
 "The oath or affirmation of any disaster service worker of any other agency or district, shall be filed with such officer or employee of the agency or district as may be designated by such agency or district."
It is the same oath of office, the first paragraph of the constitutional provision, that is taken whether pursuant to the terms of sections 1192, 1360, or 3102. (See §§ 1192,1360, 3103.) This was the oath of office taken and subscribed to by Defendant on August 5, 1985, a copy of which is currently on file in the office of a deputy clerk for the Superior Court of California, County of Alameda. Of course, the fact that Relator has not located Defendant's oath of office in the county clerk's office does not establish that Defendant's oath of office was not filed in the appropriate office at the appropriate time. Was Defendant's oath of office required to be filed, and if so, where and when?
If Defendant is considered a "deputy" for purposes of section 1192, his oath of office is to be filed within 10 days of receiving notice of the appointment "in the manner required of [his] principals." For a county district attorney, the oath of office is to be filed "in the office of the county clerk (§ 1363, subd. (a)(2)). . . ."
If Defendant is considered an "officer" for purposes of section1360 who is "appointed for any county" (§ 1363, subd. (a)(2)), his oath of office is to be filed in the office of the county clerk but need not be filed within a particular period of time since such requirement was repealed in 1953. Prior to its repeal in 1953 (Stats. 1953, ch. 1250, § 9), former section 1361 provided:
 "Whenever a different time is not prescribed by law, the oath of office shall be taken, subscribed, and filed:
 "(a) Before the commencement of the term of office when an officer receives a certification or commission of his election or appointment, or
 "(b) Before the expiration of fifteen days from the commencement of his term of office, when no certificate or commission has been received." (Stats. 1949, ch. 945, § 1.)
At the same time that former section 1361 was repealed, the Legislature enacted section 1367 (Stats. 1953, ch. 1250, § 6) to provide as follows:
 "No compensation nor reimbursement for expenses incurred shall be paid to any officer by any public agency unless he has taken and subscribed to the oath or affirmation required by this chapter."
By memorandum dated June 15, 1953, the State Personnel Board observed that "Section 1367 is being added to provide that public officers must take the required oath before receiving compensation or reimbursement for expenses" and then explained with respect to the repeal of section 1361:
 "Section 1361 is proposed for repeal. This section referring to the time within which the oath must be taken is no longer necessary. . . ."
If Defendant is considered a "disaster service worker of any county," his oath of office is to "be filed in the office of the county clerk of the county" with no time limit specified.
We believe it is unnecessary to definitively decide whether Defendant took, subscribed, and filed his oath of office as an officer of Alameda County, a deputy, or a disaster service worker. It is sufficient that Defendant's oath of office was taken before he began serving in office and is currently on file in the office of a deputy clerk for the Superior Court of California, County of Alameda. (See 22 Ops.Cal.Atty.Gen. 79, 80 (1953).)
We find no substantial question of law or fact contained in Relator's application papers. The cursory allegations are insufficient to require judicial resolution of the question whether Defendant refused or neglected to file his oath of office "within the time prescribed." (§ 1770, subd. (i).) In light of the long held principle that any ambiguity in a provision calling for the forfeiture of an existing office, and disqualification from holding public office, should be resolved in favor of continued eligibility (Helena Rubenstein Internat. v. Younger (1977) 71 Cal.App.3d 406, 418; 79 Ops.Cal.Atty.Gen. 243, 247-248 (1996)), the application herein for leave to sue in quo warranto is DENIED.
[1] Undesignated section numbers hereinafter are to the Government Code.
[2] The second paragraph of the oath required by the Constitution was ruled invalid by the Supreme Court in Vogel v. County of Los Angeles (1967) 68 Cal.2d 18, 26.